# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br><br>Two United States Postal Service Priority Mail parcels bearing tracking label numbers EI 603 544 555 US, 9505 5138 1082 4317 1260 10, and currently in the custody of the USPIS in San Bernardino, CA | ) ) ) ) ) ) ) ) Case No.  5:24-mj-00489 |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A*

located in the Central District of California, there is now concealed *(identify the person or describe the property to be seized)*:

*See Attachment B*

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 843(b), and 846 | See attached affidavit |

The application is based on these facts:
    *See attached Affidavit*
    ☒ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days*: _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

U.S. Postal Inspector, Anthony H. Jacobs
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: _____

City and state: Riverside, CA

_____
*Judge's signature*

Honorable David T. Bristow, U.S. Magistrate Judge
*Printed name and title*

AUSA: Peter Dahlquist (951-276-6267)

**AFFIDAVIT**

I, Anthony Herrera Jacobs, being duly sworn, declare and state as follows:

## I. INTRODUCTION

1. I am a United States Postal Inspector with the USPIS and have been since August 2003. I am currently assigned to the USPIS Los Angeles Division, Narcotics Team and Parcel Task Force, which is responsible for investigating drug trafficking organizations that use parcels to distribute illegal narcotics and/or narcotics proceeds.

2. As part of my law enforcement duties, I have conducted over 150 parcel investigations that have resulted in the arrest of individuals who have received and distributed controlled substances, as well as the seizure of 750 parcels containing approximately 80 kilograms of fentanyl, 97 kilograms of cocaine, 613 kilograms of methamphetamine, 10 pounds of heroin, and five gallons of PCP. I have written over 240 search warrants on parcels and residences resulting in currency seizures of over $3 million dollars in drug proceeds. I have used cooperating defendants in purchases of controlled buys in furtherance of federal cases. Many of these federal cases involved the search and seizure of digital devices during the investigations.

3. I have completed a 12-week Postal Inspector basic training course, which included training on how to investigate narcotics trafficking via the United States Mail. I also have completed an advanced training course designed for training investigators concerning narcotics mailers and shippers.

## II. PURPOSE OF AFFIDAVIT

4.  This affidavit is made in support of an application for a search warrant for United States Postal Service ("USPS") Priority Mail parcels EI 603 544 555 US ("SUBJECT PARCEL 1") and 9505 5138 1082 4317 1260 10 ("SUBJECT PARCEL 2") (collectively, the "SUBJECT PARCELS").  The SUBJECT PARCELS are in the custody of USPIS in San Bernardino, California, and are described more fully in Attachment A, which is incorporated by reference.  The requested search warrant seeks authorization to seize evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) (distribution and possession with intent to distribute a controlled substance), 846 (conspiracy to distribute or possess with intent to distribute a controlled substance), and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance) (the "SUBJECT OFFENSES"), as described more fully in Attachment B, which is also incorporated by reference.

5.  The facts set forth in this affidavit are based on my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all my knowledge of or investigation into this matter.  Unless specifically noted otherwise, all conversations and statements described in this affidavit are

provided in substance and in part only and all dates are on or about the date listed.

### III. SUMMARY OF PROBABLE CAUSE

6. On November 14, 2024, I identified the SUBJECT PARCELS at San Bernardino Distribution and Processing Center for investigation because they met certain criteria common to packages containing contraband. I believe that the SUBJECT PARCELS contain controlled substances or the proceeds from the trafficking of controlled substances because a drug-detection canine alerted to the presence of a controlled substance after sniffing each of the SUBJECT PARCELS. Additionally, the SUBJECT PARCELS had features that are common of parcels containing contraband. Specifically, the SUBJECT PARCELS were USPS Priority Mail parcels without business account numbers and the names of some of the senders and/or recipients did not appear in law enforcement databases as associated with the listed addresses according to law enforcement databases. Additionally, a trained narcotics detection dog alerted to the SUBJECT PARCELS when the parcels were placed in a room among other empty parcels.

### IV. STATEMENT OF PROBABLE CAUSE

**A.  Background on Use of Mails for Drug Trafficking**

7. Based on my training and experience as a Postal Inspector, and the experiences shared with me by fellow Postal Inspectors who specialize in drug investigations, I know the following:

      a.    Postal Inspectors have been conducting investigations into drug trafficking via USPS Express Mail and Priority Mail since the mid-1980s.  In the early 1990s, Postal Inspectors in Los Angeles, California, and surrounding regions such as the High Desert/Low Desert areas that include Riverside and San Bernardino Counties, began conducting organized interdictions of Priority Mail Express and Priority Mail parcels suspected of containing controlled substances and proceeds from the sale of controlled substances.  Postal Inspectors also regularly examined and investigated Priority Mail Express and Priority Mail parcels.  During the 1990s, Postal Inspectors observed that the trend was for drug traffickers to send controlled substances and proceeds from the sale of controlled substances, in the form of cash, using boxes.

      b.    Although Postal Inspectors still see the use of boxes for controlled substances and cash, there has been a gradual change over the years toward the current trend of using smaller boxes, flat cardboard envelopes, and Tyvek envelopes, with proceeds from the sale of controlled substances converted to money orders.  By using money orders, drug traffickers are able to send large dollar amounts in compact form, using much smaller conveyances, which lend a sense of legitimacy to the parcel.

      c.    The San Bernardino County and Riverside County areas (collectively, the "Inland Empire") are a significant source area for controlled substances.  Controlled substances are frequently transported from the Inland Empire area via the

United States Mail, and the proceeds from the sale of controlled substances are frequently returned to the Inland Empire area via the United States Mail. These proceeds are generally in the form of money orders, bank checks, or similar monetary instruments in an amount over $1,000. Based on my training and experience, I know that proceeds from the sale of controlled substances often contain the odor of controlled substances because they have been contaminated with or associated with the odor of one or more controlled substances.

   d. Drug traffickers often use one of two USPS services: Priority Mail Express, which is the USPS overnight/next day delivery mail product, or Priority Mail Service, which is the USPS two-to-three-day delivery mail product. Drug traffickers use the Priority Mail Express delivery service because of its speed, reliability, and the ability to track the article's progress to the intended delivery point. Drug traffickers use the Priority Mail delivery service because it allows drug traffickers more time for travel between states if they decide to follow a shipment to its destination for distribution. Also, by adding delivery confirmation to a Priority Mail parcel, drug traffickers have the ability to track the article's progress to the intended delivery point, as if the parcel had been mailed using the Priority Mail Express Service.

  8. Based on my training and experience, and the collective experiences shared with me by fellow Postal Inspectors who specialize in investigations involving the mailing of controlled substances and proceeds from the sale of

5

controlled substances, I know that the following indicia suggest that a parcel may contain drugs or drug trafficking proceeds:

    a. The parcel is contained in a box, flat cardboard mailer, or Tyvek envelope.

    b. The parcel bears a handwritten label, whether USPS Priority Mail Express or Priority Mail.

    c. The handwritten label on the parcel does not contain a business account number.

    d. The seams of the parcel are all taped or glued shut.

    e. The parcel emits a particular odor of a cleaning agent or adhesive or spray foam that can be detected by a human; and

    f. Multiple parcels are mailed by the same individual, on the same day, from different locations.

9. Parcels exhibiting some of these characteristics are the subject of further investigation, which may include verification of the addressee and return addresses and examination by a trained drug detection dog.

10. I know from my experience and training that drug traffickers often use fictitious or incomplete names and/or addresses in an effort to conceal their identities from law enforcement officers investigating these types of cases and suspicious parcels. Indeed, it is my experience that to the extent real addresses are ever used it is only to lend a legitimate appearance to the parcel and is almost always paired with a false name.

6

**B.    Initial Investigation of the SUBJECT PARCELS**

11.    On November 14, 2024, during routine parcel inspections at the San Bernardino Distribution and Processing Center, I saw that the SUBJECT PARCELS met some of the above-mentioned indicia for the identification of parcels containing drugs or drug trafficking proceeds.  Specifically, the SUBJECT PARCELS were mailed using Priority Mail and they did not contain business account numbers.

12.    On November 14, 2024, I used CLEAR, a law enforcement and open-source database, to look up the return and recipient addresses listed on the SUBJECT PARCELS and determined the following[1]:

     a.    SUBJECT PARCEL 1 is a USPS Priority Mail Express parcel with tracking label number EI 603 544 555 US, weighing approximately 16 pounds 4 ounces, with a return address of "Tommy Collectables 2848 Valaria Dr Highland, CA 92346." According to CLEAR database records, the return address listed on SUBJECT PARCEL 1 appears to be a legitimate address, and did not associate with the listed sender, "Tommy Collectables." The recipient address listed for SUBJECT PARCEL 1, "Jose Garcia 2520 Ross Rd Durham, NC 27703," appears to be a legitimate address, but is not associated with the listed recipient, "Jose Garcia."

     b.    SUBJECT PARCEL 2 is a USPS Priority Mail parcel with tracking label number 9505 5138 1082 4317 1260 10, weighing approximately 5 pounds 11.90 ounces, with a return address of

---

[1] Spelling and capitalization are reproduced herein as on the SUBJECT PARCELS.

7

"Fred Hamlin 4146 Alderwood Pl. Lake Elsinore CA 92530." According to CLEAR database records, the return address listed on SUBJECT PARCEL 2 appears to be a legitimate address, and did associate with the listed sender, "Fred Hamlin." The recipient address listed for the SUBJECT PARCEL 2, "Ed Mac 66 Main St. Andover NJ 07821, appears to be a legitimate address, but is not associated with the listed recipient, "Ed Mac."

    **C.**    **Drug-Detection Dog Alerts to the SUBJECT PARCELS**

    13.    Based on the suspicious nature of the SUBJECT PARCELS, I asked Riverside County Sheriff Deputy Marcus Murray to perform a canine sniff. I learned the following:

    a.    On November 15, 2024, based on the suspicious characteristics of the SUBJECT PARCELS and my request, Deputy Murray had his trained narcotics detection dog, C.C., examine the exterior of the SUBJECT PARCELS.

    b.    To examine the SUBJECT PARCELS, USPIS personnel placed them in an area where Deputy Murray could perform a canine sniff with C.C. Specifically, the SUBJECT PARCELS were placed on the ground with other like parcels and separated by approximately four to six feet.

    c.    C.C. gave a positive alert to both of the SUBJECT PARCELS individually, indicating the presence of controlled substances or other items, such as the proceeds of controlled substances, which have been recently contaminated with the odor of controlled substances. C.C. did not alert to any of the like parcels that were placed in the area with the SUBJECT PARCELS.

14. Attached to my affidavit as Exhibit 1, and incorporated by reference, is a true and correct copy of Deputy Murray's affidavit describing C.C.'s training and history in detecting controlled substances and the alerts on the SUBJECT PARCELS.

## V. CONCLUSION

15. For the reasons set forth in this affidavit, there is probable cause to believe that the SUBJECT PARCELS, as described in Attachment A, contain evidence, fruits, and instrumentalities of violations of the SUBJECT OFFENSES, as described in Attachment B.

Attested to by the applicant in
accordance with the requirements of
Fed. R. Crim. P. 4.1 by telephone
on this ____ day of November 2024.

_____
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

PARCELS TO BE SEARCHED

    The following two United States Postal Service ("USPS") Priority Mail parcels, (collectively, the "SUBJECT PARCELS"), seized on November 15, 2024, at the San Bernardino Processing and Distribution Center located in Redlands, California, and currently in United States Postal Inspection Service custody in San Bernardino, California:

    a.   SUBJECT PARCEL 1 is a USPS Priority Mail Express parcel with tracking label number EI 603 544 555 US, weighing approximately 16 pounds 4 ounces, with a return address of "Tommy Collectables 2848 Valaria Dr Highland, CA 92346." The recipient address listed for SUBJECT PARCEL 1, "Jose Garcia 2520 Ross Rd Durham, NC 27703".

    b.   SUBJECT PARCEL 2 is a USPS Priority Mail parcel with tracking label number 9505 5138 1082 4317 1260 10, weighing approximately 5 pounds 11.90 ounces, with a return address of "Fred Hamlin 4146 Alderwood Pl. Lake Elsinore CA 92530." The recipient address listed for the SUBJECT PARCEL 2, "Ed Mac 66 Main St. Andover NJ 07821".

i

**ATTACHMENT B**

ITEMS TO BE SEIZED

The following are to be seized from the parcels described in Attachment A, which constitute evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) (distribution of, and possession with intent to distribute, a controlled substance); 846 (conspiracy to distribute, or possess with intent to distribute, a controlled substance); and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance):

      a.   Any controlled substances, including cannabis;

      b.   Currency, money orders, bank checks, or similar monetary instruments in quantities over $1,000; and

      c.   Parcel wrappings used to conceal items described in (a) and/or (b).

# Exhibit 1

## DECLARATION

I, Deputy Marcus Murray, being duly sworn, declare and state:

I am a sworn peace officer within the meaning of California Penal Code § 830.1.

## TRAINING AND EXPERIENCE:

I have been a Riverside County Sheriff's Department peace officer for 8 years. I was assigned a canine handler position and have served in the San Jacinto Special Enforcement team since September 2022. At the beginning of my career with the Riverside County Sheriff's Department, I attended a six-month police academy. After completing the academy, I was assigned to the Smith Correctional Facility. In 2020, I was assigned to the patrol division, where I conducted directed patrol and responded to emergency calls for service for 2 years. During this time, I conducted numerous investigations involving subjects who possessed, used, sold, and transported illegal drugs. I observed, arrested, and talked to thousands of subjects while handling or assisting with these investigations.

In September 2022, I was assigned to the position of a canine handler and have been serving in the San Jacinto Special Enforcement team since September 2022, where I currently work. I frequently investigate crimes related to illicit drug sales, transportation, trafficking, manufacturing, and other associated drug violations. I have attended schools related to these investigations, such as narcotic investigation, various trafficking techniques, investigating drug trafficking organizations, and a course in Street Crimes and Drug Abuse Recognition. During these trainings, I received instruction and hands-on experience with how illicit drugs are manufactured, packaged, transported, sold, and ingested. On multiple occasions, I have purchased illegal drugs in an undercover capacity and routinely worked with confidential informants during the course of my duties. I frequently interview subjects involved in the drug trade to stay informed on current street trends.

## NARCOTICS K9 TEAM DEPUTY MURRAY AND K9 C.C.'S TRAINING AND CERTIFICATIONS:

In March of 2023, I attended a three-week K9 handler's course taught by Vohne Liche Kennels (VLK). in Banning, California. At the conclusion of the course, K9 "C.C." (a one-and-a-half-year-old Belgian Malinois) and I were certified as a drug detection K9 team through Vohne Liche Kennels (VLK). And Peace Officer Standards and Training ("P.O.S.T."). K9 C.C. is trained to detect odors of the following controlled substances: methamphetamine, cocaine, heroin, and fentanyl. Certifications typically are conducted bi-annually, and K9 C.C.'s most recent certification took place on March 23, 2023. In addition to bi-annual certifications, K9 C.C.'s reliability and proficiency are tested bi-weekly by Vohne Liche Kennels in a controlled environment. All certifications and most proficiency assessments are conducted "single-blind" (where the result is unknown to the handler). Single-blind certification and proficiency assessments ensure the handler cannot "cue" the dog, as the handler does not know the result. All of K9 C.C.'s certifications and training are conducted using absolute contraband that has been tested and confirmed as such. K9 C.C. and I train approximately 16 hours a month in the area of narcotics detection and frequently use circulated and uncirculated United States Currency as a distraction odor.

On Friday, November 15, 2024, Task Force Officer Trent Tully advised me that United States Postal Inspector Anthony Jacobs had seized two parcels from a United States Postal Office, within in the Inland Empire Area, California, United States Postal Inspector Anthony Jacobs transported the parcels to the San Bernardino Post Office and requested my K9 narcotics detection partner C.C.'s assistance in a narcotics parcel investigation. Task Force Officer Trent Tully asked me to meet United States Postal Inspector Anthony Jacobs at the United States Post Office at 390 West 5th Street in San Bernardino, CA 92401.

At approximately 1550 hours, the same day, I responded to the Post Office with K9 C.C. and conducted a sniff of the parcel(s) described below. Before the search, United States Postal Inspector Anthony Jacobs identified the parcels listed below.

The parcels were set within an open area containing several rooms and additional blank parcel boxes. C.C. gave a positive alert for the presence of an odor he is trained to detect (methamphetamine, heroin, cocaine, and fentanyl). `K9 C.C. alerted to the odor of narcotics emitting from the parcel listed below.

#1   United States Postal Priority Mail parcel bearing tracking label number:
9505 5138 1082 4317 1260 10

#2   United States Postal Priority Mail Express parcel bearing tracking label number
EJ 603 544 555 US

*Deputy Marcus Murray*
_____

Deputy Marcus Murray

Riverside County Sheriff's Department 8